UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-217-MOC

| | |
|---|---|
| MARLON H. BARTLETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| BRIAN MILLER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 5].

## I. BACKGROUND

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred at the Mountain View Correctional Institution (MVCI).[1] [Doc. 1]. The Plaintiff named as the sole Defendant in his individual capacity Brian Miller, a sergeant at MVCI. He asserts a claim for the use of excessive force against Defendant Miller, for deploying two bursts of pepper spray to Plaintiff's face when Plaintiff was pinned to a wall, handcuffed, and not resisting. [Id. at 3, 12-15].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any

---

[1] The Plaintiff's present address of record is at the Wake Correctional Center.

portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.  28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III.    DISCUSSION**

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The body of the Complaint contains allegations that are directed to individuals who are not named as defendants.  [See, e.g., Doc. 1 at 12-13 (referring to offender Oscar Hernandez, Officer Hamilton, and Nurse Magee)];  Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the

2

purported defendant a legal nullity."). The allegations that are not attributed to individuals other than Defendant Miller are, therefore, dismissed without prejudice.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Taking the allegations as true for the purposes of this initial review and drawing all reasonable inferences in the Plaintiff's favor, the Plaintiff's Eighth Amendment claim passes initial review against Defendant Miller in that it is not clearly frivolous.

**IV.     CONCLUSION**

In sum, Plaintiff's Complaint passes initial review on the Plaintiff's claim for the use of excessive force against Defendant Miller.

This Court's Local Rule 4.3 sets forth the procedure to waive service of process for current or former employees of NCDPS in actions filed by North Carolina State prisoners. In light of the Court's determination that this case passes initial review, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Miller, who is alleged to be current or former employee of NCDPS.

3

# ORDER

**IT IS, THEREFORE, ORDERED** that

1. Plaintiff's Complaint [Doc. 1] passes initial review against Defendant Miller for the use of excessive force.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant **Brian Miller**, who is alleged to be a current or former employee of NCDPS.

4. **IT IS FURTHER ORDERED** that the Clerk shall mail the Plaintiff an NCPLS Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.

Signed: December 30, 2024

Max O. Cogburn Jr.
United States District Judge