| | |
|---|---|
| MARLON H. BARLETT,      ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| BRIAN MILLER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Summary Judgment [Doc. 25].

## I.    BACKGROUND

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983, addressing an incident that allegedly occurred while he was incarcerated at the Mountain View Correctional Institution ("MVCI").[1] [Doc. 1: Complaint]. The unverified Complaint passed initial review against Defendant Brian Miller, a MVCI sergeant, for the use of excessive force. [Doc. 8: Order on Initial Review].

The Defendant has filed a Motion for Summary Judgment and supporting materials. [Doc. 25: MSJ; Doc. 26: MSJ Memo., Exh.; Doc. 27: Sealed Ex.; Doc. 31: Video]. The Court entered an Order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the requirements for filing a response to the summary judgment motion and of the manner in which evidence could be submitted to the Court. [Doc. 30: Roseboro Order]. The Plaintiff has not responded and the time to do so has expired. This matter is ripe for disposition.

---

[1] The Plaintiff is no longer incarcerated.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Rather, the nonmoving party must oppose a proper summary judgment motion with citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials" in the record. See id.; Fed. R. Civ. P. 56(c)(1)(a). Namely, the nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. To that end, only evidence admissible at trial may be considered by the Court on summary judgment. Kennedy v. Joy Technologies, Inc., 269 F. App'x 302, 308 (4th Cir. 2008) (citation omitted).

When ruling on a summary judgment motion, a court must view the evidence and any

2

inferences from the evidence in the light most favorable to the nonmoving party. <u>Anderson</u>, 477

U.S. at 255. Facts, however, "must be viewed in the light most favorable to the nonmoving party

only if there is a 'genuine' dispute as to those facts." <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007).

As the Supreme Court has emphasized,

> "[w]hen the moving party has carried its burden under Rule 56(c),
> the opponent must do more than simply show there is some
> metaphysical doubt as to the material facts .... Where the record
> taken as a whole could not lead a rational trier of fact to find for the
> nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita
> Elec. Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87,
> 106 S. Ct. 1348 (1986) (footnote omitted). "[T]he mere existence of
> some alleged factual dispute between the parties will not defeat an
> otherwise properly supported motion for summary judgment; the
> requirement is that there be no genuine issue of material fact."
> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-28, 106 S. Ct.
> 2505 (1986). When opposing parties tell two different stories, one
> of which is blatantly contradicted by the record, so that no
> reasonable jury could believe it, a court should not adopt that version
> of the facts for purposes of ruling on a motion for summary
> judgment.

<u>Scott</u>, 550 U.S. at 380.

### III.    FACTUAL BACKGROUND

The relevant forecast of evidence viewed in the light most favorable to the Plaintiff shows

the following.[2]

Defendant Miller was working on October 19, 2021, when Officer Christian Hamilton[3]

alerted him that Plaintiff was found in another offender's cell at around 2230 hours. [Doc. 26-8:

Miller Decl. at ¶¶ 2, 4; <u>see</u> 27-1: MSJ Ex 1(E) (Incident Report)]. Offenders are not allowed into

any cells to which they are not assigned. Hamilton explained that he had told Plaintiff to go back

---

[2] The Plaintiff's unverified Complaint cannot be considered on summary judgment as a forecast of evidence. <u>See
generally Goodman v. Diggs</u>, 986 F.3d 493 (4th Cir. 2021) (a verified complaint is the equivalent of an opposing
affidavit for summary judgment purposes).

[3] Officer Hamilton is not a defendant in this case.

to his own cell, and that Plaintiff became aggressive and used profanity. [Id.].

The Plaintiff was instructed to leave the dorm area and to move into the hallway where offenders are cuffed and prepared for transport to restrictive housing; he complied. [Id. at ¶¶ 5-6]. Officer Damon Hodges[4] and Officer Hamilton restrained the Plaintiff in handcuffs and placed him against a hallway wall. Defendant Miller was a few steps away, observing. [Id. at ¶ 7]. While Plaintiff followed orders to exit the dorm and to submit to handcuffs, he continually disobeyed officers' instructions and Miller's orders to turn back to the wall and to submit to a search and for transport out of the unit. [Id. at ¶ 8]. Plaintiff kept turning away from the wall and attempting to hold a conversation with Miller. Miller informed Plaintiff that he would speak to him after he arrived at restrictive housing. Plaintiff continued to ignore officers' commands and three or four direct orders from Miller to comply and to turn back towards the wall. [Id. at ¶ 9].

After Plaintiff disobeyed commands and aggressively pulled away from the officers as they began to position him for transport out of the unit, Defendant Miller applied a burst of pepper spray to his face, to compel his compliance with numerous demands to submit for transport. [Id. at 10].The Plaintiff then became compliant. Defendant Miller assisted briefly with restraining Plaintiff, and he called for additional officers to assist with his transport out of the unit. Additional officers arrived and took Plaintiff to restrictive housing and a decontamination shower. [Id. at 11].

At no point did Defendant Miller observe any staff using more force than reasonably necessary to bring about his compliance, and to restrain him for escort to restrictive housing. [Id. at ¶ 12]. The force that Miller applied and observed was in direct response to Plaintiff's resistance and non-compliance. Miller did not perceive staff as a threat to Plaintiff's safety or security, nor did he observe any excessive force. [Id. at ¶ 13]. The Plaintiff was just another inmate to Miller.

---

[4] Officer Hodges is not a defendant in this case.

4

Miller did not, and does not, hold any feelings of ill-will towards Plaintiff, nor has Miller ever wanted to harm Plaintiff. [Id. at ¶ 14].

A use of force evaluation of Plaintiff at around 2350 hours found "No significant findings/ No apparent distress." [Doc. 27-2: MSJ Ex 3(A) at 5 (10/19/21 Clinical Encounter)].

The Plaintiff was charged with disciplinary infraction B24 for using profane language, and B25 for disobeying orders. The B24 infraction was dismissed, and he was found guilty of the B25 infraction. [See Doc. 27: MSJ Ex 1(B) (Disc. Infraction History)].

Video footage from the hallway depicts the following:[5]

| 10:35:13 | Plaintiff enters the hallway, followed by officers. |
| 10:35:27 | Plaintiff faces the wall with his hands behind his back; handcuffs are applied. |
| 10:35:39 | Plaintiff, speaking, turns towards Miller, who is standing against the opposite hallway wall. |
| 10:35:41 | An officer turns Plaintiff back towards the wall. |
| 10:35:43 | Plaintiff attempts to turn towards Miller, and a second officer assists in turning Plaintiff towards the wall; Plaintiff continues moving and speaking. |
| 10:35:50 | Miller unholsters his pepper spray; Plaintiff begins moving towards a side door while the two officers attempt to hold him. |
| 10:35:51 | Miller applies pepper spray to Plaintiff's face. |
| 10:36:06 | Miller holds one of Plaintiff's arms and he is repositioned in the hallway. |
| 10:36:44 | Another officer takes Miller's place and Plaintiff is escorted out of the hallway. |

[See Doc. 31: Manual Filing].

IV. **DISCUSSION**

A. **Excessive Force**

---

[5] The Court will refer to incidents via the time stamp at the bottom of the footage.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Furthermore, the Supreme Court has made clear that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).

The forecast of evidence demonstrates that: the Plaintiff repeatedly ignored verbal orders to turn around and face the hallway wall; Miller used pepper spray to gain his compliance after Plaintiff repeatedly failed to comply with verbal orders and physically struggled with officers; Defendant Miller did not use or witness the use of any force beyond what was reasonably needed to gain Plaintiff's compliance and to transport him to restrictive housing; Defendant Miller did not wish to harm the Plaintiff; and the Plaintiff was not injured in the incident.

The Plaintiff has failed to demonstrate the existence of a genuine dispute of material fact regarding Defendant Miller's used excessive force. The Plaintiff has not forecast any evidence that any officer used objectively unreasonable force in response to his resistant conduct, or that Defendant Miller acted with a culpable state of mind. The Plaintiff has failed to demonstrate the

6

existence of a genuine dispute of material fact with regards to Defendant Miller's use of excessive force and, accordingly, summary judgment will be granted.

### B. Qualified Immunity

"Qualified immunity protects officers who commit constitutional violations but who, in light of clearly established law, could reasonably believe that their actions were lawful." Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). "To determine whether an officer is entitled to qualified immunity, the court must examine (1) whether the plaintiff has demonstrated that the officer violated a constitutional right and (2) whether that right was clearly established at the time of the alleged violation." E.W. ex rel. T.W. v. Dolgos, 884 F.3d 172, 178 (4th Cir. 2018) (internal quotation marks omitted). The doctrine of qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." Smith v. Ray, 781 F.3d 95, 100 (4th Cir. 2015) (internal quotation marks omitted).

As discussed supra, the Plaintiff has not presented a forecast of evidence that the Defendant violated his constitutional rights. As such, summary judgment for the Defendant would also be proper on the basis of qualified immunity.

### V. CONCLUSION

For the reasons stated herein, the Defendant's Motion for Summary Judgment is granted and this action is dismissed with prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 25] is **GRANTED** and this action is **DISMISSED WITH PREJUDICE.**

The Clerk is respectfully directed to enter a Clerk's Judgment and to terminate this action.

**IT IS SO ORDERED.**

Signed: April 2, 2026

Max O. Cogburn Jr.
United States District Judge